

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: March 17th, 2018**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>MARK LAWRENCE FRENCH and<br>ASHLEY ALEXANDRIA FRENCH,<br><br>      Debtors. | CASE NO. 2:17-bk-20336<br><br>CHAPTER 7<br><br><br>JUDGE FRANK W. VOLK |
| UNITED BANK,<br>      Plaintiff,<br><br>v.<br><br>MARK LAWRENCE FRENCH and<br>ASHLEY ALEXANDRIA FRENCH,<br><br>      Defendants. | ADVERSARY PROCEEDING<br>2:17-ap-02025 |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending is Motion to Dismiss Party by Defendant Ashley Alexandria French, filed December 21, 2017 [Dckt. 8].

This is a core matter pursuant to 28 U.S.C § 157(b)(2)(I). The Court has jurisdiction pursuant to § 157 and 28 U.S.C. § 1334(b).

### I.

On November 17, 2017, United Bank, a Virginia banking corporation ("United"), successor-by-merger to United Bank, Inc. ("UBI"), initiated this proceeding by filing the

Complaint seeking a nondischargeability order concerning certain claims pursuant to 11 U.S.C. §§ 523(a)(6) and 523(c)(1). In its complaint, United alleges that Mrs. French executed and delivered to UBI three separate guaranties for the debts of Criswell French, PLLC. (Compl. ¶ 12). In turn, Criswell French, PLLC granted UBI a perfected security interest and a lien on all of Criswell French, PLLC's accounts receivable and rights to payment for legal services rendered (the "Collateral"). (Compl. ¶¶ 13-15). Eventually, Criswell French, PLLC, Mrs. French, and the other guarantors defaulted and UBI filed a state court action in the Circuit Court of Kanawha County, West Virginia against the obligors, including Mrs. French. (Compl. ¶¶ 18-20, 23-4). Ultimately, the Circuit Court held that Criswell French, PLLC should provide a list of all of the firm's cases, accounts receivables, and fees paid to Criswell French, PLLC from these cases, which constituted the Collateral of UBI. It further held that all legal fees from these cases should be deposited into the Circuit Court and would be delivered to UBI (now United). (Compl. ¶¶ 35-36).

In its Complaint, United alleges that since that ruling on March 10, 2017, no legal fees have been turned over, including legal fees that have been generated from at least two settlements totaling $490,000. (Compl. ¶¶ 39-41). In addition, it alleges that Criswell French, PLLC and its managing partners converted the monies for personal gain. (Compl. ¶ 39).

On June 20, 2017, Mrs. French filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (BK Dckt. 1). United filed the above styled case on November 17, 2017. (Dckt. 1). On December 21, 2017, Mrs. French filed the Motion to Dismiss Party. (the "Motion") (Dckt. 8). In the Motion, Mrs. French asserts that the Complaint fails to allege "[Mrs.] French took any action, and . . . does not allege [Mrs.] French took any action that could possibl[y] or plausibly rise to the level of 'willful or malicious.'" (Motion ¶ 19).

However, in United's Response, filed January 4, 2018, it argues that the Motion should be denied on three grounds. (Dckt. 10) First, Mrs. French's participation in the conversion of United's Collateral supports a nondischargeability claim of that debt. To support its argument, United cites this Court's opinion in *In re Adkins*, 567 B.R. 501 (Bankr. S.D. W.Va. 2017), which found that a debtor's conversion of collateral or diversion of collateral proceeds for personal use is willful and malicious conduct giving rise to a nondischargeability claim. Second, United has sufficiently alleged facts to support its claim because it needed only to allege that Mrs. French knew the funds were United's Collateral and that she intentionally diverted those funds with the knowledge that United would suffer harm as a result. Third, it argues that Mrs. French's Motion makes factual assertions that are inappropriate at this stage. (Response at 5). On January 11, 2018, Mrs. French filed her Reply reiterating her assertion that United's Complaint did not contain any allegations that Mrs. French "took any action whatsoever." (Reply ¶ 5).

Although the Motion did not state a rule pursuant to which Mrs. French sought dismissal, this Court is analyzing the Motion under Federal Rule of Civil Procedure 12(b)(6) based on the arguments and cases presented in the Motion.

## II.

### A.    Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing...entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to

challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . ." Fed.
R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . .
claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*,
550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780
F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to
"more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a
formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*,
780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a]
claim," but it must "allege sufficient facts to establish those elements." *Wright v. N. Carolina*, 787
F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal
quotation marks and citation omitted). Stated another way, the operative pleading need only
contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."
*Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening
pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned,
the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough
facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

The decision in *Iqbal* provides some additional markers concerning the plausibility
requirement:

A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged. The plausibility standard is not akin to a "probability
requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief . . .'"

Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw all reasonable...inferences from those facts in the plaintiff's favor . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**B.      Analysis**

Pursuant to § 523(a)(6), a creditor has a nondischargeability claim based on conversion of collateral, if three elements are present: "(1) the debtor caused injury; (2) debtor's action[s] were willful; and (3) [] the debtor's actions were malicious." *Ocean Equity Group, Inc.*

5

*v. Wooten (In re Wooten)*, 423 B.R. 108, 128 (Bankr. E.D. Va. 2010) (quoting *E.L. Hamm &*
*Assoc[s], Inc. Sparrow (Ire Sparrow)*, 306 B.R. 812, 834 (Bankr. E.D. Va. 2003)). Therefore,
United needed only to allege those three elements in its Complaint for a nondischargeability claim.

Here, United has alleged all three elements in its Complaint. Specifically, United
alleges that Mrs. French testified at her Rule 2004 examination that: (1) she knew that United had
a security interest and lien on the Collateral and had demanded the turnover of the Collateral; (2)
she knew the members of Criswell French, PLLC were diverting and converting the Collateral for
her benefit and the benefit of the members in spite of the Circuit Court's direction; and (3) she
knowingly and intentionally did nothing to prevent the conversion. (Compl. ¶¶ 52-53, 56). United
further alleges that the "Defendants' *willful and malicious* conversion of the firm's share of
settlement proceeds to their own use and benefit, and the resulting injury to United Bank and
United Bank's security interest, was the *direct and proximate result* of the Defendants' misconduct
in that they intended to cause injury to United Bank and its property interest." (Compl. ¶
63)(emphasis added). Treating the allegations in the Complaint as true, it is apparent that United
has sufficiently alleged facts to establish the required elements of a nondischargeability claim
pursuant to § 523(a)(6).

## III.

Based upon the foregoing discussion, it is **ORDERED** that the Motion to Dismiss
Party be, and hereby is, **DENIED**.

The Clerk's Office shall serve a copy of this written opinion and order on the
necessary parties and counsel in accordance with the law.